# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHORTER, | Case No. 1:20-cv-01823-NONE-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO EXCEED 25-PAGE LIMIT |
| v. | (ECF No. 5) |
| SULLIVAN, *et al.*, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| Defendants. | (ECF No. 5) |
| | ORDER DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT NOT EXCEEDING 25 PAGES |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Michael Shorter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 28, 2020, together with a motion to exceed the 25-page limit for good cause and a motion to appoint counsel. (ECF Nos. 1, 5.) In his motion, Plaintiff requests leave to exceed the 25-page limit due to "the number of defendants, complexity of the facts, and need for appointment of counsel[.]" (ECF No. 5, p. 1.) Plaintiff further states that "because of [his] mental illness, counsel is needed to protect [his] interest." (Id.)

///

///

1

## I. Motion to Appoint Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. Many of these prisoners are also suffering from mental illnesses. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. As discussed below, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a), and Plaintiff will be granted an opportunity to file an amended complaint which complies with the 25-page limit. Once filed, the Court will screen the amended complaint to determine whether it states any cognizable claims.

## II. Motion to Exceed 25-Page Limit

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P.

8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556–57 (2007); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Plaintiff seeks relief from the 25-page limitation due to "the number of defendants, complexity of facts, and need for appointment of counsel" in his case. (ECF No. 5, p. 1.) Plaintiff's complaint is 34 pages long, and includes an additional 110 pages of exhibits, only some of which are incorporated by reference in the complaint. There are 11 defendants named in the complaint. (ECF No. 1.)

The complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint includes many pages setting forth specific areas of law and legal arguments that are not linked to the factual allegations presented and are not necessary for Plaintiff to meet the requirements of Rule 8(a). Furthermore, the Court does not find that the claims raised in the complaint are overly complex. Twenty-five pages is more than sufficient for Plaintiff to identify his claims against the defendants and set forth specific facts in support of those claims. Finally, as discussed above, the Court does not find that Plaintiff has presented the exceptional circumstances needed to justify appointment of counsel in this action, and even if counsel were appointed, that would not be sufficient to provide good cause to exceed the page limitation.

///

### III. Conclusion and Order

The Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a). The Court will grant Plaintiff leave to file a first amended complaint not exceeding 25 pages in length.

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff should include only those facts needed to state his claims against each defendant, and there is no need for legal citations, arguments, or hypothetical examples.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also cautioned that Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.R. Civ. P. 18(a), 20(a)(2).

As for exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture when the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit evidence.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to exceed 25-page limit, (ECF No. 5), is DENIED;
2. Plaintiff's motion to appoint counsel, (ECF No. 5), is DENIED;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff is granted leave to file a first amended complaint, **not to exceed 25 pages in length**; and

5. **Plaintiff's failure to file a first amended complaint in compliance with this order will result in a recommendation that this case be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **January 15, 2021**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE