# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHORTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SULLIVAN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01823-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS<br><br>ECF No. 11<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael Shorter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 28, 2020, together with a motion to exceed the 25-page limit for good cause and a motion to appoint counsel. (Doc. 1, 5.) Plaintiff was granted leave to file a first amended complaint, not to exceed 25 pages in length. Plaintiff filed a first amended complaint, which was screened by the Court, and Plaintiff was granted leave to amend. (Doc. 9.) Plaintiff's second amended complaint, filed on July 29, 2021, is currently before the Court for screening. (Doc. 11.)

**I.　Screening Requirement and Standard**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at California Medical Facility, Vacaville, California. At the time of the allegations in the complaint, Plaintiff was housed in the California Correctional Institution (CCI). Plaintiff names the following defendants: (1) Lieutenant J. Tyree, (2) Ms. Buhl, Registered Nurse, (3) John Doe #1, Correctional Officer, (4) John Doe #2, Correctional Officer, (5) John Doe #3,Correctional Officer, (6) John Doe #4, Correctional Officer. Each defendant is sued individually.

On July 1, 2019, Plaintiff was handcuffed with both hands behind his back and escorted by John Does 1 and 2 to the medical trailer for treatment of his left leg. During the escort, John Doe #1 had hold of Plaintiffs right arm, as John Doe #2 walked slightly to the rear, and Plaintiff was being guided down the paved sidewalk. Suddenly, and without warning, John Doe #1 turned Plaintiff to the left and guided him from the pavement onto an area with gravel and no pavement.

In addition, there was a 1" thick slab of concrete, that Plaintiff did not see, and tripped over it. As Plaintiff was falling forward, with his hands cuffed behind his back, John Doe #1 immediately let go of Plaintiff's arm. At that time, Plaintiff, to avoid falling on his face, twisted his body so that he would land on his side. Plaintiff's knee was the first part of his body to make contact with the ground. "When his side finally made contact, as he held himself in a twisted position, he felt a sharp pain in his lower back." As he was being lifted by John Does 1 and 2, Plaintiff pleaded that his back and knee were very painful from the fall and could not walk. They walked him to the medical trailers.

Once there, Plaintiff was seen by Defendant Guhl. Plaintiff explained how he had just fallen and was experiencing pain in his back and right knee. Defendant Guhl looked at Plaintiff's knee, wiped off the blood and said the injuries were not that serious and they would heal in time. She then looked at Plaintiff's left leg, and informed Plaintiff that Ibuprofen was being ordered for his left leg, where Plaintiff was experiencing pain and cramping in his foot and lower left leg. Plaintiff said he was experiencing pain in his right knee and back and Defendant Guhl did not respond. She then told the officers she was finished with Plaintiff. He was seriously injured, and she did not provide a wheelchair for Plaintiff to go back to this housing.

Plaintiff was again handcuffed with both hands behind his back and taken to his housing by Defendants John Doe 1 and 2. Shortly after returning to housing, Plaintiff's right leg became swollen and turned purple. Plaintiff could not get up but tried and fell to the floor. He called for help, was in extreme pain and kept yelling "man down." No one responded to Plaintiff's yelling, and he laid there on the floor until an officer came to do count.

Plaintiff told the officer he could not walk and needed to go to the hospital. The officer never returned. A little later, an unidentified female officer arrived at his cell. Plaintiff told her of his condition, and she called for several other officers. As Plaintiff lay on the floor, he saw Defendant Tyree and other officers have some kind of discussion. As Defendant Tyree watched, the other officers removed the mattress from Plaintiff's bed and placed it on the floor. Plaintiff was placed on the mattress, lying down, and the mattress was pulled down the stairs. John Doe #3 was at the head of the mattress and John Doe #2 was at the foot and pulling it down the stairs.

Plaintiff continued to yell out in pain upon his back hitting each step, and Defendant Tyree just stood the watching.  At the bottom of the stairs, Plaintiff was placed in a wheelchair and took him to the medical appointment, where he was transported to an outside hospital.  At the hospital, an MRI of Plaintiff right knee diagnosed large hematoma with subcutaneous fat along the prepatellar regions and diffuse subcutaneous edema at the anterior margin of the knee.

Plaintiff had physical therapy for injury to the back from being dragged down the flight of stairs, but he did not get any treatment for pain in his buttocks and now has a deformity to his buttocks.  Plaintiff seeks compensatory and punitive damages.

**III.     Discussion**

Plaintiff fails to state a cognizable claim.  Despite being provided the legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A.      Eighth Amendment**

**1.      Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992). Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct

4

of prison officials. *See Whitley*, 475 U.S. at 321-22.

### John Doe #1 and #2 During Initial Escort

A viable excessive force claim requires a showing that the force applied was not a "good faith effort to maintain or restore discipline" but rather done "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 8. Plaintiff's description of John Does' #1 and #2 actions, evoking a routine escort where Defendants "guided" and "turned" Plaintiff and "let go" of Plaintiff, does not suggest the "malicious and sadistic" use of force. At most, Plaintiff alleges a negligence. Plaintiff tripped over concrete he did not see and John Does did not grab him before he hit the ground. Plaintiff is advised that the Supreme Court recognized not every "malevolent touch" by a prison guard will give rise to a federal cause of action. *Id.* at 9 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights[.]"). Plaintiff has not stated an excessive force claim against John Doe #1 and #2 under the facts alleged. Despite being provided the relevant legal and pleading standards, Plaintiff has been unable to cure this deficiency.

### John Doe #2 and #3

Plaintiff fails to state a cognizable claim against these officers for moving Plaintiff on the mattress. "[W]henever prison officials stand accused of using excessive physical force ..., the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 8. Plaintiff alleges that he was injured during the move down the stairs but again, does not allege facts that suggest the "malicious and sadistic" use of force. Plaintiff admits that he was incapacitated on the upper tier, unable to move and needed to go to medical. Plaintiff alleges he was yelling in pain, but Plaintiff did not re-allege, as he alleged in the original complaint, that Plaintiff weighs 273 pounds and it was not possible to move him. *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (admissions in original complaints that have been "amended or withdrawn" are no longer conclusive, but are still admissions, and courts may still consider them); *Burgoon v. Narconon of N. California*, 125 F. Supp. 3d 974, 984 (N.D. Cal. 2015) ("The amendment of a pleading does

not make it any the less an admission of the party") (citing *Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989)).  To state a claim for excessive force, he must allege facts to support an excessive force claim, that the conduct was done maliciously and sadistically to cause harm. At most Plaintiff alleges negligence by the officers.

### 2.     Deliberate Indifference to Serious Medical Needs

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a

6

prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v Gamble*, 429 U.S. 97, 105–06 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; see also *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

John Doe #1 and #2

Plaintiff fails to state a cognizable claim for medical deliberate indifference against John Doe #1 and #2. After Plaintiff tripped during the escort and fell injuring his knee, John Doe #1 and #2 escorted Plaintiff to medical for attention.

Defendant Nurse Guhl

Plaintiff fails to state a cognizable claim against Defendant Guhl. Plaintiff alleges that when he was taken to medical with an injured knee, Defendant Guhl looked at his knee and wiped off the blood. Defendant Guhl told Plaintiff the injury was not serious, but Plaintiff believed it was. Plaintiff alleges that she gave him Ibuprofen for the pain, but it was only for his left knee,

not the newly injured right knee.  Plaintiff attempts to compartmentalize what the medication was provided for, but the allegations show that Nurse Guhl gave him medication for pain and she did not believe the right knee injury was serious.  At most, Plaintiff's allegations show a difference of opinion which is not enough to establish a deliberate indifference claim.

<u>Unnamed Female Officer who arrived after Man Down</u>

While it is unclear whether Plaintiff names this officer as a defendant, Plaintiff nonetheless fails to state a claim. To the extent that Plaintiff seeks to allege a deliberate indifference claim against officers for failing to respond to his yelling "man down," Plaintiff fails to state a claim.  Plaintiff fails to identify any officers, even as Doe Defendants. Plaintiff was informed that in any amended complaint he must clearly state what happened, when it happened or who was involved. (See Doc. 10, p. 4 ("If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved."))

<u>Defendant Tyree and John Doe #2 and #3</u>

To the extent Plaintiff is attempting to allege a medical deliberate indifference claim against them, he fails to state a claim.  Plaintiff alleges that the officers took actions to bring him to medical trailer when Plaintiff reported that he was injured and could not get up.  Plaintiff does not allege facts that each of the defendants disregarded the risk of harm from Plaintiff's inability to get up by failing to take reasonable measures to abate it.  Plaintiff disputes that they took reasonable measures to get him to medical care, by injuring him further as he was pulled down the stairs. However, the allegations do not show that their conduct was "deliberately indifferent," as defendants attempted to get him to medical treatment, when he was incapacitated and placed him in a wheelchair to get him there when they reached the bottom of the stairs.  At most, Plaintiff alleges negligent conduct on the part of Defendants.

**B.     Supervisor Liability against Tyree**

Insofar as Plaintiff is attempting to sue Defendant Tyree, or any other defendant, based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat

superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that Defendant Tyree talked with the officers and watched as the other officers moved Plaintiff down the stairs. Plaintiff has failed to allege direct participation in the alleged violations.  Plaintiff has failed to allege the causal link between defendant and the claimed constitutional violation, which must be specifically alleged.  While the Court infers that Defendant Tyree may have directed and knew the officers were moving Plaintiff down the stairs

9

on the mattress, there can be no supervisor liability because the officers' conduct did not violate the Constitution.  As stated above, Plaintiff fails to state a cognizable claim as to the officers for moving him in the manner which they did, and therefore, does not state a cognizable claim against Defendant Tyree.

**C.  State Law Claims**

Plaintiff may be seeking to allege negligence claims and possibly other tort claims against Defendants.

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.  Plaintiff has failed to state a cognizable federal claim

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist*., 42 Cal. 4th 201, 208–09 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim– Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged that he has complied with the Government Torts Claim Act.

**IV.  Conclusion and Order**

For the reasons stated, Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff

has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

      IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **August 5, 2021**                          /s/ *Barbara A. McAuliffe*            
                                                            UNITED STATES MAGISTRATE JUDGE